**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOEL BOSH, BOSCH MUSIC PUBLISHING, BOSCH LLC. | CIVIL NO. _____ |
| Plaintiffs | COPYRIGHT INFRINGEMENT MORAL RIGHTS VIOLATIONS Jury Trial Requested |
| v. | |
| THE COCA COLA COMPANY, SPANISH BROADCASTING SYSTEM OF PUERTO RICO, INC., UNIVISION OF PUERTO RICO, INC., LIBERTY CABLEVISION OF PUERTO RICO, INC., DIRECTV PUERTO RICO LTD., REGENCY CARIBBEAN ENTERPRISES, INC., TELEVICENTRO OF PUERTO RICO LLC, TELEMUNDO DE PUERTO RICO, ABC ADVERTISING COMPANY | |
| Defendants | |

**COMPLAINT**

## I.    NATURE OF ACTION, JURISDICTION AND VENUE

1.      This is an action to recover damages for defendants' willful acts of copyright infringement arising under the 1976 Copyright Act, as amended, 17 U.S.C. §101, et seq. and for moral rights violations under Puerto Rico law, 31 L.P.R.A. §1401; et seq.

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § §1331, and §1338(a) and pursuant to the U.S. Copyright Act, 17 U.S.C.

§501(b). Furthermore, it has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.§1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (b)(2) and (c)(2) and 28 U.S.C. §1400(a) because this a the district in which defendants reside or are authorized to do business and a substantial part of all infringing actions have occurred in this district.

## II.     THE PARTIES

4.     Plaintiff Joel Bosh is an artist, composer and musician. He is the author of the musical composition "Yo Soy Boricua Pa' Que tú lo Sepas" ("the Composition").

5.     Plaintiff Bosch Music Publishing is a music publisher that holds the exclusive right to authorize others to use, synchronize, and engage in commercial uses of the Composition.

6.     Bosch Music, LLC is a limited liability Company organized under the laws of Florida that owns Bosch Music Publishing.

7.     Defendant The Coca Cola Company (hereafter, "Coca Cola") is a corporation which, upon information and belief, is organized under the laws of the state of Delaware and authorized to do business in Puerto Rico. The Coca Cola Company produces, among many other products, the soft drink Coca Cola and directs all promotional and marketing efforts related to Coca Cola in Puerto Rico.

8.     Defendant Spanish Broadcasting System of Puerto Rico, Inc. is, upon information and belief, a corporation organized under the laws and

authorized to do business in Puerto Rico. This defendant owns and operates radio stations Mega (106.9), La Nueva 94 (94.7), Z93 and Estereotempo in Puerto Rico.

9.      Defendant Univision of Puerto Rico, Inc. is, upon information and belief, a corporation created under the laws of Delaware and authorized to do business in Puerto Rico.  Upon information and belief, this defendant owns and operates the radio stations WKAQ 580 and KQ 105 in Puerto Rico.

10.      Defendant Liberty Cablevision of Puerto Rico, Inc. is, upon information and belief, a corporation created and operating under the laws of Puerto Rico. This defendant owns and operates a Liberty Cable of Puerto Rico, a television and other content supplier through cable and internet to subscribers in Puerto Rico.

11.      Defendant DirecTV Puerto Rico, Ltd is a foreign corporation authorized to do business in Puerto Rico. This defendant owns and operated DirecTV Puerto Rico, a content supplier through satellite system to subscribers in Puerto Rico.

12.      Defendant Regency Caribbean Enterprises, Inc. is a domestic corporation organized and doing business in Puerto Rico.  This defendant, upon information and belief, owns and operated Caribbean Cinemas, a chain of movie theaters in Puerto Rico that distribute and display movies, advertisements and other content to the public in Puerto Rico.

13.      Defendant Televicentro of Puerto Rico LLC is a limited liability company created under the laws of Delaware and authorized to do business

in Puerto Rico.  This defendant owns and operates WAPA TV, television channel 4 in Puerto Rico.

14.    Defendant Telemundo of Puerto Rico Studios LLC is a limited liability company created under, and authorized to do business, in Puerto Rico.  This defendant, upon information and belief, owns and operates Telemundo, television channel 2 in Puerto Rico.

15.    Defendant ABC Advertising is, upon information and belief, the advertising agency that created the Coca Cola advertisement that uses the composition "Yo Soy Boricua Pa Que Tu Lo Sepas", supervised the production of the master recording and audiovisual of the Advertisement, created the media plan, and contracted the outlets that have reproduced, distributed and performed the Advertisement.

### III.    THE FACTS

16.    Plaintiff Joel Bosch is a musician, composer and artist that at some point on or before July, 1996, created, composed, produced, and recorded the composition "Yo Soy Boricua Pa' Que Tú Lo Sepas" (the "Composition").

17.    The Composition is an original creation of Plaintiff Bosch and constitutes copyrightable subject matter under the Copyright laws of the United States.

18.    Plaintiff Bosch filed for and received copyright registration certificate PAu2-091-562 from the U.S. Copyright Office on July 24, 1996.   According to the Certificate, Plaintiff Bosch is the author of the words and music, as well as

the copyright claimant.  A true and exact copy of said Copyright Certificate is attached to this Complaint as Exhibit 1.

19.     Having procured a Copyright Certificate within 5 years of creation and prior to publication, the aforementioned Copyright Certificate constitutes *prima facie* evidence of the matters contained therein regarding ownership. 17 U.S.C. §410 (c).

20.      At all times relevant herein Plaintiff and/or his music publisher Bosch Music Publishing has been the sole owner of all rights, titles and interests in and to the Composition the copyright in the Composition.

21.     The Composition is a well known composition, particularly the chorus "Yo Soy Boricua pa' que tú lo sepas", which has become a patriotic chant among Puerto Ricans in these difficult times.

22.     In September 2017 Puerto Rico was devastated by two hurricanes. Millions were left without water and power for months, some even to this day.

23.     A wide-spread yearn for recovery and a cry for strength became instilled in the people's psyche.

24.     Coca Cola generally promotes its product in visual media through feel-good advertisement.

25.     At or around the 2018 Christmas season, Coca Cola produced and aired an advertisement in cinemas, television and other media, that incorporated some of the words and music of Plaintiff Bosch's copyrighted Composition.

26.     Coca Cola sought to promote the sales of its product by appealing to the emotions of Puerto Ricans in a vulnerable state of despair, using uplifting, energizing words created and copyrighted by a Puerto Rican but ignoring the need to seek his authorization.

27.     Coca Cola did not request a license to synchronize Plaintiffs' composition to the audiovisuals of the advertisement.

28.     Coca Cola did not receive a license to reproduce Plaintiffs' composition to the audiovisuals of the advertisement.

29.     Coca Cola did not request a license to reproduce Plaintiffs' composition in the advertisement.

30.     Coca Cola did not receive a license to reproduce Plaintiffs' composition in the advertisement.

31.     Defendant Coca Cola, directly or through affiliated third parties as yet unidentified, reproduced, used and published Plaintiffs' Composition in sound master recordings and audiovisual master recordings. The end product of the reproductions of said masters is the 2017 Christmas advertisement (the "Advertisement").

32.     The resulting Advertisement was shown, in movie theaters in Puerto Rico during the 2017 Christmas season.

33.     The resulting Advertisement was distributed by Defendant Coca Cola to movie theaters in Puerto Rico during the 2017 Christmas season.

34.     The resulting Advertisement was distributed by Defendant Coca Cola to different television channels in Puerto Rico during the 2017 Christmas season.

35.     The resulting Advertisement was distributed by Defendant Coca Cola to different radio stations in Puerto Rico during the 2017 Christmas season.

36.     The resulting Advertisement was distributed by Defendant Coca Cola to content providing services, such as cable television and satellite television suppliers, in Puerto Rico during the 2017 Christmas season.

37.     The Advertisement was used, shown, posted and/or distributed by Defendant Coca Cola to the rest of the world through or in YouTube website/platform movie during the 2017 Christmas season and at least until February 9, 2018.

38.     Upon information and belief, the resulting Advertisement was shown, published, distributed and/or performed in other outlets, including social media outlets, radio, and television, among others.

39.     The resulting Advertisement as shown and distributed by each Defendant or on their behalf, constitutes an unauthorized performance of Plaintiffs' Composition.

40.     The advertisement incorporated new words to Plaintiff Bosch's copyrighted Composition.

41.     The advertisement incorporated changes to the music of Plaintiff Bosch's copyrighted Composition.

42.     These changes constitute an unauthorized derivative work.

43.     The Coca Cola Company did not request a license to change the lyrics to the Plaintiffs' Composition.

44.     The Coca Cola Company did not receive a license to change the lyrics to the Plaintiffs' Composition.

45.     The Coca Cola Company did not receive a license to use the unauthorized lyrics with Plaintiffs' music in master recordings of the Advertisement.

46.     The Coca Cola Company did not receive a license to use the unauthorized lyrics with Plaintiffs' music in synchronization to the audiovisuals of the advertisement.

47.     Defendant Coca Cola directly or through affiliated third parties as yet unidentified, reproduced, used and published Plaintiffs' Composition with unauthorized lyrics in sound master recordings and audiovisual master recordings.

48.     The resulting Advertisement, containing the unauthorized use of Plaintiffs' Composition with unauthorized lyrics was shown, in movie theaters in Puerto Rico during the 2017 Christmas season.

49.     The resulting Advertisement, containing the unauthorized use of Plaintiffs' Composition with unauthorized lyrics was distributed by Defendant Coca Cola to movie theaters in Puerto Rico during the 2017 Christmas season.

50.     The resulting Advertisement, containing the unauthorized use of Plaintiffs' Composition with unauthorized lyrics was used, shown, posted

and/or distributed by Defendant Coca Cola to the rest of the world through or in YouTube website/platform movie during the 2017 Christmas season and at least until February 9, 2018.

51.     Upon information and belief, the resulting Advertisement, containing the unauthorized use of Plaintiffs' Composition with unauthorized lyrics was shown, published, distributed and/or performed in other outlets, including social media outlets, radio, and television, among others.

52.     The resulting Advertisement, containing the unauthorized use of Plaintiffs' Composition with unauthorized lyrics as shown and distributed by Defendant Coca Cola or on their behalf, constitutes an unauthorized performance of Plaintiffs' Composition.

53.     Upon information and belief, defendant Regency Caribbean, through its Caribbean Cinemas movie theaters in Puerto Rico, used, reproduced, distributed, performed and displayed the Advertisement during the months of November and/or December, 2017.

54.     Defendant Regency Caribbean did not have a license to reproduce Plaintiffs' composition in the Advertisement shown in its chain of movie theaters Caribbean Cinemas.

55.     Defendant Regency Caribbean did not have a license to distribute Plaintiffs' composition in the Advertisement to its chain of movie theaters.

56.     Defendant Regency Caribbean did not have a license to perform or display Plaintiffs' composition in the Advertisement in its chain of movie theaters Caribbean Cinemas.

57.    Upon information and belief, defendant Telemundo de Puerto Rico ("Telemundo"), through its television channel in Puerto Rico, used, reproduced, distributed, performed and displayed the Advertisement during the months of November and/or December, 2017.

58.    Defendant Telemundo did not have a license to reproduce Plaintiffs' composition in the Advertisement shown through its television channel Telemundo.

59.    Defendant Telemundo did not have a license to distribute Plaintiffs' composition in the Advertisement to its television viewers.

60.    Defendant Telemundo did not have a license to perform Plaintiffs' composition in the Advertisement in Telemundo channel's programming.

61.    Upon information and belief, defendant Televicentro of Puerto Rico LLC, ("Televicentro") through its television channel in Puerto Rico, used, reproduced, distributed, performed and displayed the Advertisement during the months of November and/or December, 2017.

62.    Defendant Televicentro did not have a license to reproduce Plaintiffs' composition in the Advertisement shown through its television channel WAPA Television.

63.    Defendant Televicentro did not have a license to distribute Plaintiffs' composition in the Advertisement to its television viewers.

64.    Defendant Televicentro did not have a license to perform Plaintiffs' composition in the Advertisement in WAPA channel's programming.

65.     Upon information and belief, defendant Spanish Broadcasting System of Puerto Rico, Inc. ("SBSPR") through one or all of its radio stations in Puerto Rico, used, reproduced, distributed and performed the Advertisement during the months of November and/or December, 2017.

66.     Defendant SBSPR did not have a license to reproduce Plaintiffs' composition in the Advertisement through its radio stations in Puerto Rico.

67.     Defendant SBSPR did not have a license to distribute Plaintiffs' composition in the Advertisement to its radio listeners.

68.     Defendant SBSPR did not have a license to perform Plaintiffs' composition in the Advertisement in its radio stations' programming.

69.     Upon information and belief, defendant Univision of Puerto Rico ("Univision") through one or all of its radio stations in Puerto Rico, used, reproduced, distributed and performed the Advertisement during the months of November and/or December, 2017.

70.     Defendant Univisión did not have a license to reproduce Plaintiffs' composition in the Advertisement through its radio stations in Puerto Rico.

71.     Defendant Univisión did not have a license to distribute Plaintiffs' composition in the Advertisement to its radio listeners.

72.     Defendant Univision did not have a license to perform Plaintiffs' composition in the Advertisement in its radio stations' programming.

73.     Upon information and belief, defendant Liberty Cablevision of Puerto Rico Inc., ("Liberty Cable") through its content providing mechanism to subscribers of its services in Puerto Rico, used, reproduced, distributed,

performed and displayed the Advertisement during the months of November and/or December, 2017.

74.     Upon information and belief, Liberty Cable inserted the Advertisement in the content programming it delivered to its cable subscribers in Puerto Rico.

75.     Defendant Liberty Cable did not have a license to reproduce Plaintiffs' composition in the Advertisement through its cable television services in Puerto Rico.

76.     Defendant Liberty Cable did not have a license to distribute Plaintiffs' composition in the Advertisement through its cable television services in Puerto Rico.

77.     Defendant Liberty Cable did not have a license to perform Plaintiffs' composition in the Advertisement in its programming to cable television subscribers in Puerto Rico.

78.     Upon information and belief, defendant DirecTV Puerto Rico, Ltd. (DirecTV") through its content providing mechanism to subscribers of its services in Puerto Rico, used, reproduced, distributed, performed and displayed the Advertisement during the months of November and/or December, 2017.

79.     Upon information and belief, DirecTV inserted the Advertisement in the content programming it delivered to its satellite service subscribers in Puerto Rico.

80.     Defendant DirecTV did not have a license to reproduce Plaintiffs' composition in the Advertisement through its services in Puerto Rico.

81.     Defendant DirecTV did not have a license to distribute Plaintiffs' composition in the Advertisement through its content services in Puerto Rico.

82.     Defendant DirecTV did not have a license to perform Plaintiffs' composition in the Advertisement in its programming to subscribers in Puerto Rico.

83.     Defendant ABC Advertising created the promotional campaign "Fuerza Coca Cola" during the last trimester of 2017.

84.     Defendant ABC Advertising, upon information and belief, changed the lyrics to Plaintiffs' composition and included them in the Advertisement created.

85.     Defendant ABC Advertising did not have the authorization to change the lyrics to Plaintiffs' composition.

86.     Defendant ABC Advertising, upon information and belief, changed the music to Plaintiffs' composition and included it in the Advertisement created.

87.     Defendant ABC Advertising did not have the authorization to change the music to Plaintiffs' composition.

88.     Defendant ABC Advertising did not have the authorization to create a derivative work of Plaintiffs' composition.

89.     Defendant ABC Advertising coordinated and produced the master sound recording and the master audiovisual recording containing the unauthorized use of Plaintiffs' composition.

90.     Defendant ABC Advertising contracted with co-defendants herein to distribute the Advertisement and incorporate the same in each defendant's outlet - be it television, radio, movie theaters, satellite and cable services, as well as social media.

IV.     FIRST CAUSE OF ACTION COPYRIGHT INFRINGEMENT VIOLATION OF EXCLUSIVE RIGHT TO REPRODUCE WORK (17 U.S.C. §106(1))

91.     All preceding allegations are incorporated herein by reference.

92.     The owner of a work has the exclusive right to reproduce the copyrighted work.

93.     Plaintiffs' Composition is duly copyrighted in the U.S. Copyright Office, under PAu2-091-562.

94.     Coca Cola had access to the Composition.

95.     Coca Cola did not have permission from Plaintiffs to reproduce the Composition.

96.     Coca Cola willfully and unlawfully reproduced Plaintiffs' work in master recordings and audiovisual recordings of the Advertisement.

97.     ABC Advertising had access to the Composition.

98.     ABC Advertising did not have permission from Plaintiffs to reproduce the Composition.

99.     ABC Advertising willfully and unlawfully reproduced Plaintiffs' work in master recordings and audiovisual recordings of the Advertisement.

100.    Regency Caribbean had access to the Composition.

101.    Regency Caribbean did not have permission from Plaintiffs to reproduce the Composition.

102.    Regency Caribbean willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

103.    SBSPR had access to the Composition.

104.    SBSPR did not have permission from Plaintiffs to reproduce the Composition.

105.    SBSPR willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

106.    Univision had access to the Composition.

107.    Univision did not have permission from Plaintiffs to reproduce the Composition.

108.    Univision willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

109.    Televicentro had access to the Composition.

110.    Televicentro did not have permission from Plaintiffs to reproduce the Composition.

111.    Televicentro willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

112.    Telemundo had access to the Composition.

113.    Telemundo did not have permission from Plaintiffs to reproduce the Composition.

114.     Telemundo willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

115.     Liberty Cable had access to the Composition.

116.     Liberty Cable did not have permission from Plaintiffs to reproduce the Composition.

117.     Liberty Cable willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

118.     DirecTV had access to the Composition.

119.     DirecTV did not have permission from Plaintiffs to reproduce the Composition.

120.     DirecTV willfully and unlawfully reproduced Plaintiffs' work by reproducing the Advertisement.

V.     SECOND CAUSE OF ACTION- COPYRIGHT INFRINGEMENT OF EXCLUSIVE RIGHT TO PREPARE DERIVATIVE WORKS (17 U.S.C.106(2))

121.     All preceding allegations are incorporated herein by reference.

122.     The owner of a work has the exclusive right to prepare derivative works based upon the copyrighted work.

123.     A derivative work is a work based upon one or more preexisting works, in which a work may be recast, transformed, or adapted.

124.     Defendant Coca Cola changed the original lyrics to Plaintiffs' copyrighted Composition, and created a work known as "Fuerza Puerto Rico."

125.     The composition in the Advertisement made by Defendants is an adaptation and transformation of Plaintiffs' original composition, with

changes to lyrics and tempo/rhythm while maintaining the same music/melody.

126.    The composition in the Advertisement is an unauthorized derivative work of Plaintiffs' work "Yo Soy Boricua Pa Que Tu Lo Sepas."

127.    All uses of the derivative work, "Fuerza Puerto Rico" constitute infringements of Plaintiffs copyright.

128.    Defendant Coca Cola did not have authorization from Plaintiffs to create a derivative work of the Composition.

129.    Defendant Coca Cola has infringed Plaintiffs' exclusive right to create derivative works.

130.    Defendant ABC Advertising changed the original lyrics to Plaintiffs' copyrighted Composition, and created a work known as "Fuerza Puerto Rico."

131.    The composition in the Advertisement made by Defendant ABC AAdvertising Advertising is an adaptation and transformation of Plaintiffs' original composition, with changes to lyrics and tempo/rhythm while maintaining the same music/melody.

132.    The composition in the Advertisement is an unauthorized derivative work of Plaintiffs' work "Yo Soy Boricua Pa Que Tu Lo Sepas."

133.    All uses by ABC Advertising of the derivative work, "Fuerza Puerto Rico" constitute infringements of Plaintiffs copyright.

134.    Defendant ABC Advertising did not have authorization from Plaintiffs to create a derivative work of the Composition.

135.     Defendant ABC Advertising has infringed Plaintiffs' exclusive right to create derivative works.

## VI. THIRD CAUSE OF ACTION- COPYRIGHT INFRINGEMENT OF EXCLUSIVE RIGHT TO DISTRIBUTE COPIES OF THE WORK (17 U.S.C.106(3))

136.     All preceding allegations are incorporated herein by reference.

137.     The owner of a copyrighted work has the exclusive right to distribute copies of the work to the public.

138.     Defendant Coca Cola has distributed the Advertisement containing the unauthorized use of Plaintiffs' Composition to the public through by showing the Advertisement in movie theaters in Puerto Rico, in television and radio, allowing its distribution through YouTube platform, allowing its distribution through other media and social media outlets.

139.     Defendant Coca Cola did not have permission from Plaintiffs to distribute the Composition.

140.     Defendant Coca Cola has willfully infringed Plaintiffs' exclusive right to distribute the Composition.

141.     Defendant Caribbean Cinemas has distributed the Advertisement containing the unauthorized use of Plaintiffs' Composition to the public by showing the Advertisement in its movie theaters in Puerto Rico.

142.     Defendant Caribbean Cinemas did not have permission from Plaintiffs to distribute the Composition.

143.     Defendant Caribbean Cinemas has willfully infringed Plaintiffs'
exclusive right to distribute the Composition.

144.     Defendant SBSPR has distributed the Advertisement containing the
unauthorized use of Plaintiffs' Composition to the public by broadcasting the
Advertisement in its radio stations and related social media outlets.

145.     Defendant SBSPR did not have permission from Plaintiffs to distribute
the Composition.

146.     Defendant SBSPR has willfully infringed Plaintiffs' exclusive right to
distribute the Composition.

147.     Defendant Univision has distributed the Advertisement containing the
unauthorized use of Plaintiffs' Composition to the public by broadcasting the
Advertisement in its radio stations and related social media outlets.

148.     Defendant Univision did not have permission from Plaintiffs to
distribute the Composition.

149.     Defendant Univision has willfully infringed Plaintiffs' exclusive right
to distribute the Composition.

150.     Defendant Telemundo has distributed the Advertisement containing
the unauthorized use of Plaintiffs' Composition to the public by showing the
Advertisement in television and allowing its distribution through television and
its social media outlets.

151.     Defendant Telemundo did not have permission from Plaintiffs to
distribute the Composition.

152.     Defendant Telemundo has willfully infringed Plaintiffs' exclusive right to distribute the Composition.

153.     Defendant Televicentro has distributed the Advertisement containing the unauthorized use of Plaintiffs' Composition to the public by showing the Advertisement in television and allowing its distribution through its television and its social media outlets.

154.     Defendant Televicentro did not have permission from Plaintiffs to distribute the Composition.

155.     Defendant Televicentro has willfully infringed Plaintiffs' exclusive right to distribute the Composition.

156.     Defendant DirecTv has distributed the Advertisement containing the unauthorized use of Plaintiffs' Composition to the public by including the Advertisement in its distribution to subscribers of its satellite content subscription services and its social media outlets.

157.     Defendant DirecTv did not have permission from Plaintiffs to distribute the Composition.

158.     Defendant Liberty Cable has willfully infringed Plaintiffs' exclusive right to distribute the Composition.

159.     Defendant Liberty Cable has distributed the Advertisement containing the unauthorized use of Plaintiffs' Composition to the public by including the Advertisement in its distribution to subscribers of its satellite content subscription services and its social media outlets.

160.     Defendant Liberty Cable did not have permission from Plaintiffs to distribute the Composition.

161.     Defendant Liberty Cable has willfully infringed Plaintiffs' exclusive right to distribute the Composition.

162.     Defendant ABC Advertising has distributed the Advertisement containing the unauthorized use of Plaintiffs' Composition to the public by contracting with media outlets such as the co-defendants herein for the Advertisement's inclusion in movie theaters, radio stations, television stations, cable and satellite content providers and delivering copies of the Advertisement to those outlets for eventual distribution to the public as well as allowing the distribution through YouTube platform, and through other media and social media outlets.

163.     Defendant ABC Advertising did not have permission from Plaintiffs to distribute the Composition.

164.     Defendant ABC Advertising has willfully infringed Plaintiffs' exclusive right to distribute the Composition.

## VII. FOURTH CAUSE OF ACTION – COPYRIGHT INFRINGEMENT OF EXCLUSIVE RIGHT TO PUBLICLY PERFORM THE WORK (17 U.S.C. §106(4))

165.     All preceding allegations are incorporated herein by reference.

166.     The owner of a copyrighted work has the exclusive right to perform the copyrighted work publicly.

167.     Under the Copyright Act, "perform a work " means to recite, render, play, dance, or act it, either directly or by means of any device or process or, in the case of a motion picture or other audiovisual work, to show its images in any sequence or to make the sounds accompanying it audible." 17 U.S.C. §101.

168.     Defendant Coca Cola has publicly performed Plaintiffs' Composition by playing the Advertisement in public forums such as movie theaters, television channels, radio stations, as well as by allowing the Advertisement to be played through other media and social media outlets.

169.     Defendant Coca Cola did not have permission from Plaintiffs to publicly perform the Composition.

170.     Defendant Coca Cola has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

171.     Defendant Caribbean Cinemas has publicly performed Plaintiffs' Composition by playing the Advertisement in public forums such as movie theaters.

172.     Defendant Caribbean Cinemas did not have permission from Plaintiffs to publicly perform the Composition.

173.     Defendant Caribbean Cinemas has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

174.     Defendant Univision radio has publicly performed Plaintiffs' Composition by playing the Advertisement in through its radio stations and related social media.

175.     Defendant Univision radio did not have permission from Plaintiffs to publicly perform the Composition.

176.     Defendant Univision radio has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

177.     Defendant SBSPR has publicly performed Plaintiffs' Composition by playing the Advertisement through its radio stations and related social media.

178.     Defendant SBSPR did not have permission from Plaintiffs to publicly perform the Composition.

179.     Defendant SBSPR has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

180.     Defendant Liberty Cable has publicly performed Plaintiffs' Composition by playing the Advertisement in the content delivered to its subscribers.

181.     Defendant Liberty Cable did not have permission from Plaintiffs to publicly perform the Composition.

182.     Defendant Liberty Cable has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

183.     Defendant DirecTv has publicly performed Plaintiffs' Composition by playing the Advertisement in the content delivered to its subscribers.

184.     Defendant DirecTv did not have permission from Plaintiffs to publicly perform the Composition.

185.     Defendant DirecTv has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

186.     Defendant Telemundo has publicly performed Plaintiffs' Composition by playing the Advertisement through its television stations and related social media.

187.     Defendant Telemundo did not have permission from Plaintiffs to publicly perform the Composition.

188.     Defendant Telemundo has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

189.     Defendant Televicentro has publicly performed Plaintiffs' Composition by playing the Advertisement through its television stations and related social media.

190.     Defendant Televicentro did not have permission from Plaintiffs to publicly perform the Composition.

191.     Defendant Televicentro has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

### VIII. FIFTH CAUSE OF ACTION – INFRINGEMENT OF PLAINTIFFS' MORAL RIGHTS UNDER PUERTO RICO LAW.

192.     All preceding allegations are incorporated herein by reference.

193.     Puerto Rico's Civil Code protects: "The right to be recognized as the author, whenever that is the case, as well as to prevent the attribution thereto of works that are not his. It includes the right to determine whether the work shall be published under his name, under a pseudonym or sign, or anonymously." 31 L.P.R.A. § 1401j.

194.     It also protects the right: "To prevent the mutilation, deformation, or alteration of the work so that it undermines the legitimate interests or reputation of the author." 1 L.P.R.A. § 1401j.

195.     Plaintiff Bosh has a legitimate interest in protecting his nexus with his work "Yo Soy Boricua Pa' Que Tu Lo Sepas".

196.     Defendants Coca Cola and ABC Advertising have used "Yo Soy Boricua Pa' Que Tu Lo Sepas" as if it were an authorless popular expression, to be used at will.

197.     Defendants Coca Cola and ABC Advertising did so by altering his work, using both the lyric and melody of the chorus, but changing everything that goes before and after the chorus.

198.      That use weakens the public's perception of Bosh's nexus with his work and of the nature of his work.

199.     Defendants Coca Cola and ABC Advertising's actions have violated Bosh's rights to attribution and integrity in a combined manner.

IX. Jury Demand

Plaintiffs hereby request a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment ordering each defendant to: (1) pay damages, be there actual damages suffered by Plaintiffs as a consequence of Defendants' infringements as well as all profits derived by Defendants related to the infringements, or statutory damages, at

Plaintiffs selection, for the willful infringement of Plaintiffs' exclusive rights of reproduction, distribution, performance and making of derivative works pursuant to 17 U.S.C. 504; (2) pay Plaintiffs' attorney's costs and fees incurred in the prosecution of this action pursuant to 17 U.S.C.505; (3) order the impoundment and destruction of all copies of the infringing works; (4) order Coca Cola and ABC Advertising to pay damages for their violation of Plaintiff Bosch's moral rights, in the  amount of $500,000.00 each ; and (e) any such other relief as this Court deems appropriate.

Respectfully submitted.

In San Juan, this 5th  of March, 2018.

**s/ José A. Hernández Mayoral**
José A. Hernández Mayoral
USDCNO. 205307
206 Tetuán, Suite 702 San Juan, PR 00901
Tel. 787 722-7782/787 607-4867
Fax: 787 722-7786
Email: jahm@mac.com

**s/Patricia Rivera-MacMurray**
 Patricia Rivera MacMurray,
USDC No. 222309
#206 Tetuán Street, Suite. 702
San Juan, Puerto Rico 00901
Tel. 787 722 7782/ 787 607 3700
Fax 787 722 7786
email: prm3@mac.com